IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PRECISION AUTOMATION, INC.,                07-CV-707-AS
a Washington Corporation,
and TIGERSTOP, LLC, an Oregon              OPINION AND ORDER
Corporation,

        Plaintiffs,

v.

TECHNICAL SERVICES, INC., an
Iowa Corporation, and DAVID
KREVANKO, an individual,

        Defendants.


PETER E. HEUSER
PIERRE C. VAN RYSSELBERGHE
ELIZABETH A. TEDESCO
SHAWN J. KOLITCH
Kolisch Hartwell, P.C.
200 Pacific Building
520 S.W. Yamhill Street
Portland, OR 97204
(503) 224-6655

        Attorneys for Plaintiffs

1 - OPINION AND ORDER

**KAREN L. O'CONNOR**
Barran Liebman, LLP
601 S.W. Second Avenue
Suite 2300
Portland, OR 97204
503 228-0500

**CHRISTINE LEBRON-DYKEMAN**
**R. SCOTT JOHNSON**
McKee, Voorhees & Sease, P.L.C.
801 Grand Avenue, Suite 3200
Des Moines, IA 50309
(515) 288-3667

    Attorneys for Defendant Technical Services, Inc.

**JAY RICHARD CHOCK**
**TIMOTHY B. HERING**
Dunn Carney Allen Higgins & Tongue, LLP
851 S.W. Sixth Avenue
Suite 1500
Portland, OR 97204-1357
(503) 306-5313

    Attorneys for Defendant David Krevanko

**BROWN, Judge.**

  Magistrate Judge Donald C. Ashmanskas issued Amended Findings and Recommendation (#35) on October 1, 2007, in which he recommended this Court deny Defendants' Second Motion to Dismiss and Transfer (#21).[1] The Findings and Recommendation, however,

---

[1] The Court did not enter an Order denying as moot Defendants' first Motion to Dismiss and Transfer (#7), and the record does not reflect a stipulation that Defendants' first Motion to Dismiss and Transfer is moot. Nevertheless, Defendants' first Motion to Dismiss and Transfer seems to have been superseded by Defendants' Second Motion to Dismiss and Transfer because it seeks substantially the same relief on substantially the same grounds.

2 - OPINION AND ORDER

did not address the portion of Defendants' Motion relating to their request for transfer of this matter to the United States District Court for the Southern District of Iowa.  Accordingly, that portion of Defendants' Second Motion to Dismiss and Transfer is not before the Court.

Defendants filed timely objections to the Findings and Recommendation to the extent that the Magistrate Judge recommended denying Defendants' Second Motion to Dismiss Plaintiff's tortious interference with business relations and unfair-competition claims on the ground that those claims are preempted by the applicable state trade-secrets misappropriation laws.  Defendants' Motion to Dismiss is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988); *McDonnell Douglas Corp. v. Commodore Business Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982).

In the Findings and Recommendation, the Magistrate Judge adopted the reasoning of Plaintiffs that their claims for tortious interference with business relations and unfair competition are not preempted by the trade-secrets laws of

3 - OPINION AND ORDER

Oregon, Washington, California, and/or Idaho.

In their First Amended Complaint, Plaintiffs allege

> [Defendants] . . . intentionally interfered with proposed and existing economic relationships between plaintiffs and their customers, including, without limitation, knowingly interfering with pending and/or actual contracts for products between plaintiffs and their customers with the intent of appropriating such customers and disrupting the contractual relationship, in at least Oregon, Washington, Idaho, and California. This interference has harmed the economic relations between plaintiffs and its prospective and existing customers, resulting in economic damage to plaintiffs. These actions by [Defendants] constitute tortious interference with business relations under the common laws of Oregon, Washington, Idaho, and California.

First Am. Compl. ¶ 44. Plaintiffs further allege

> TSI's [Technical Service, Inc.'s] hiring of Krevanko and repeated reference to his status as the former National Sales Manager for TigerStop, . . . coupled with [Defendants'] conspiracy to use plaintiffs' trade secrets to mimic product designs and business plans of plaintiff, among other acts, are misleading, unfair, and deceptive business practices that have led to consumer confusion regarding the goods offered for sale by [Defendants] to plaintiffs' and other customers, and unreasonable restraint of commerce. This constitutes unfair competition under Oregon common law, Washington Revised Code § 19.86.020, California Business and Professions Code §§ 17200-17210, and Idaho Code § 48-104.

First Am. Compl. ¶ 45.

In their Second Motion to Dismiss, however, Defendants contend Plaintiffs' claims for tortious interference with business relations and unfair competition are preempted by state trade-secrets laws.

4 - OPINION AND ORDER

Neither the Findings and Recommendation nor the parties specify whether Oregon, Washington, California, or Idaho law applies when determining whether Plaintiffs' tortious-interference and unfair-competition claims are preempted. Because, however, there is not any material difference between the trade-secrets preemption laws of Oregon, Washington, California, or Idaho, the Court need not determine which state law applies at this time.

## I.   Preemption under Oregon Trade-Secrets Law

Oregon's Trade Secrets Act "supersede[s] conflicting tort, restitution or other law of Oregon providing civil remedies for misappropriation of a trade secret." Or. Rev. Stat. § 646.473(1). This provision, however, "shall not affect: . . . Other civil remedies that are not based upon misappropriation of a trade secret." Or. Rev. Stat. § 646.473(2)(b).

> Oregon courts have not interpreted [the] language [of § 646.473(2)(b)] or addressed the extent to which the Act preempts civil remedies. However, a number of courts in other states have extended the preemptive effect of the same language to claims that are based on the same operative facts as a claim for trade secret misappropriation under the Act. Where the essence of the claim relates primarily to the alleged misappropriation of a trade secret, the claim is displaced by the preemptive language of the Act.

*Acrymed, Inc. v. Convatec*, 317 F. Supp. 2d 1204, 1217 (D. Or. 2004)(citing *Penalty Kick Mgmt. Ltd. v. Coca Cola Co.*, 318 F.3d

5 - OPINION AND ORDER

1284, 1297-98 (11th Cir. 2003), and *Hutchison v. KFC Corp.*, 809 F. Supp. 68, 72 (D. Nev. 1992)).  *See also Vigilante.com, Inc. v. Argus Test.com, Inc.*, No. CV 04-413-MO, 2005 WL 2218405, at *13 (D. Or. Sept. 6, 2005)(concludes the plaintiff's unfair-competition claim was preempted by Oregon's Trade Secrets Act).

    **A.**    **Plaintiffs' Tortious-Interference Claim**

Defendants contend Plaintiffs' tortious-interference claim is preempted because that claim "is primarily predicated on the alleged acts of trade secrets misappropriation.  Defendants could not have tortiously interfered with Plaintiffs' customers or contracts without having misappropriated Plaintiffs' allegedly trade secret customer lists [etc.]"

The Court disagrees.  The Court notes there are numerous ways in which a defendant may interfere with contracts between a plaintiff and its customers for improper purposes or improper means that do not rely on that defendant misappropriating trade secrets.  As Plaintiffs currently plead their tortious-interference claim, the claim is not dependent on allegations of misappropriated trade secrets.  The Court, therefore, concludes Plaintiffs' tortious-interference claim as it is currently pled is not preempted by Oregon's Trade Secrets Act.  If at some future time it becomes clear that "the essence" of Plaintiffs' tortious-interference claim "relates primarily to the alleged misappropriation of a trade secret," Defendants may

raise their preemption argument again.

### B. Plaintiff's Unfair-Competition Claim

Defendants contend Plaintiffs' unfair-competition claim explicitly relies in part on Defendants' alleged "conspiracy to use plaintiffs' trade secrets," and, therefore, it is preempted by Oregon's Trade Secrets Act. The Court agrees.

Plaintiffs' unfair-competition claim relies on Technical Service, Inc.'s (TSI) references to Krevenko as the former National Sales Manager for TigerStop in combination with Defendants' alleged conspiracy to use the trade secrets Krevanko had access to and allegedly misappropriated when he was employed by TSI. It is, however, undisputed that Krevenko was a National Sales Manager for TigerStop in the past, and, therefore, that statement alone cannot form the basis of an unfair-competition claim. Thus, the essence of Plaintiffs' unfair-competition claim rests primarily in Defendants' alleged misappropriation of trade secrets. The Court, therefore, concludes Plaintiffs' unfair-competition claim is preempted by Oregon's Trade Secrets Act.

## II. Preemption under Washington Trade-Secrets Law

Washington's Trade Secrets Act is substantially similar to Oregon's Trade Secrets Act and provides in pertinent part:

> (1) This chapter displaces conflicting tort, restitutionary, and other law of this state pertaining to civil liability for misappropriation of a trade secret.
>
> (2) This chapter does not affect:

7 - OPINION AND ORDER

>    (a) Contractual or other civil liability or relief that is not based upon misappropriation of a trade secret.

Wash. Rev. Code § 19.108.900(1), (2).

Washington courts have held "'[a] plaintiff "may not rely on acts that constitute trade secret misappropriation to support other causes of action.'" *Thola v. Henschell*, 140 Wash. App. 70, 82 (2007)(quoting *Ed Nowogroski Ins., Inc. v. Rucker ("Rucker I")*, 88 Wash. App. 350, 358 (1997), *aff'd*, 137 Wash. 2d 427 (1999)).

For the same reasons that the Court concluded Oregon's Trade Secrets Act preempts Plaintiffs' unfair-competition claim and does not preempt Plaintiffs' tortious-interference claim, the Court concludes Washington's Trade Secrets Act preempts Plaintiffs' unfair-competition claim and does not preempt Plaintiffs' tortious-interference claim.

**III. Preemption under California Trade-Secrets Law**

California Trade-Secrets law provides:

>    (a) Except as otherwise expressly provided, this title does not supersede any statute relating to misappropriation of a trade secret, or any statute otherwise regulating trade secrets.
>
>    (b) This title does not affect . . . (2) other civil remedies that are not based upon misappropriation of a trade secret.

Cal. Civil Code § 3426.7.  Courts have interpreted this section of California's Trade Secrets Act as providing "that all state law claims based on the same nucleus of facts as . . . trade

8 - OPINION AND ORDER

secrets claim[s] are preempted under California's UTSA." *Digital Envoy, Inc. v. Google, Inc.*, 370 F. Supp. 2d 1025, 1035 (N.D. Cal. 2005)(citation omitted).

### A. Plaintiff's Unfair-Competition Claim

Plaintiffs' claim for unfair competition is based on the same nucleus of facts as their trade-secrets claim; *i.e.*, Defendants conspired to use Plaintiffs' misappropriated trade secrets to mimic Plaintiffs' product designs and business plans. Plaintiffs allege Defendants not only misappropriated information, but also referenced the fact that Krevanko formerly was a National Sales Manager for TigerStop. The Court, however, notes truthfully informing customers that Krevanko used to hold a position with TigerStop does not constitute an unfair trade practice standing alone. It is only when this information is combined with the allegation of misappropriation of Plaintiffs' trade secrets that Plaintiffs actually state a claim for unfair competition. The Court, therefore, concludes Plaintiffs' unfair-competition claim is based on the underlying allegation of trade-secrets misappropriation and, accordingly, is preempted by California's Trade Secrets Act.

### B. Plaintiffs' Tortious-Interference Claim

Plaintiffs' claim for tortious interference, however, is not based on the same nucleus of operative facts as Plaintiffs' trade-secrets misappropriation claim as it is

9 - OPINION AND ORDER

currently pled; *i.e.*, Plaintiffs do not assert the interference involved misappropriated trade secrets. Accordingly, the Court concludes Plaintiffs' tortious-interference claim is not preempted by California's Trade Secrets Act.

## IV. Preemption under Idaho Trade-Secrets Law

Idaho's Trade Secrets Act is virtually identical to that of California. It provides in pertinent part:

> (1) Except as provided in subsection (2) of this section, this chapter displaces conflicting tort, restitutionary, and other law of this state providing civil liability remedies for misappropriation of a trade secret.
>
> (2) This chapter does not affect: . . .
>
> (b) Other civil remedies that are not based upon misappropriation of a trade secret.

Idaho Code Ann. § 48-806. The district court for the District of Idaho recently examined the preemption provision of Idaho's Trade Secrets Act and noted "there are no Idaho cases interpreting the displacement provision." *Chatterbox, LLC v. Pulsar Ecoproducts, LLC,* No. CV 06-512-S-LMB, 2007 WL 1388183, at *2 (D. Idaho May 9, 2007). The court, therefore, looked to cases from "other jurisdictions explaining the impact of similar provisions." *Chatterbox*, 2007 WL 1388183, at *2. The court adopted the conclusion of California courts that Idaho's preemption provision preempts conflicting claims "based on the same nucleus of facts as [a plaintiff's] trade secret claim." *Chatterbox*, 2007 WL

10 - OPINION AND ORDER

1388183, at *2-3. The court noted the purpose of the preemption provision is "to preserve a single tort cause of action under state law for misappropriation . . . and thus to eliminate other tort causes of action founded on allegations of trade secret misappropriation." *Chatterbox*, 2007 WL 1388183, at *5.

For the same reasons that the Court concluded California's Trade Secrets Act preempts Plaintiffs' unfair-competition claim and does not preempt Plaintiffs' tortious-interference claim, the Court concludes Idaho's Trade Secrets Act preempts Plaintiffs' unfair-competition claim and does not preempt Plaintiffs' tortious-interference claim.

In summary, the Court adopts the Magistrate Judge's recommendation as to Plaintiffs' tortious-interference claim and declines to adopt the Magistrate Judge's recommendation as to Plaintiffs' unfair-competition claim. Accordingly, the Court denies Defendants' Second Motion to Dismiss as to Plaintiffs' tortious-interference claim and grants Defendants' Second Motion as to Plaintiffs' unfair-competition claim.

**V.    Those Portions of the Findings and Recommendation to which Plaintiffs Did Not Object.**

As to those portions of the Findings and Recommendation to which Plaintiffs did not object, this Court is relieved of its obligation to review the record *de novo*. *Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). *See also Lorin Corp. v. Goto & Co.*, 700 F.2d 1202, 1206 (8th Cir.

11 - OPINION AND ORDER

1983). Having reviewed the legal principles *de novo*, the Court does not find any error in the portions of the Findings and Recommendation to which Plaintiffs did not object.

## CONCLUSION

For these reasons, the Court **ADOPTS in part** and **MODIFIES in part** Magistrate Judge Ashmanskas's Findings and Recommendation (#35). Accordingly, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss (#21) as set forth herein and does not address Defendants' Motion to Transfer (#21).

IT IS SO ORDERED.

DATED this 14th day of December, 2007.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

12 - OPINION AND ORDER