FILED'08 AUG 14 13:51 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| PRECISION AUTOMATION, INC., a Washington Corporation, TIGERSTOP LLC, an Oregon Corporation, | Civ. No. 07-707-AC |
| Plaintiffs, | FINDINGS AND RECOMMENDATION |
| v. | |
| TECHNICAL SERVICES, INC., an Iowa Corporation, and DAVID KREVANKO, an individual, | |
| Defendants. | |

ACOSTA, Magistrate Judge:

Defendants Technical Services, Inc. and David Krevanko (collectively "Defendants"), filed

1 – FINDINGS AND RECOMMENDATION                                                      {KPR}

a Motion to Dismiss Portions of Plaintiffs' Second Amended Complaint, on June 2, 2008. Plaintiffs Precision Automation, Inc. and TigerStop LLC (collectively "Plaintiffs") oppose the motion. Defendants' motion should be granted in part and denied in part.

*Introduction*

Defendants move to dismiss portions of Plaintiffs' Second Amended Complaint (hereinafter "Complaint") on the following grounds: (1) the court lacks subject matter jurisdiction over Plaintiffs' unregistered copyrights; and (2) Plaintiffs' claim for willful copyright infringement fails to state a claim upon which relief can be granted. The court will address each of Defendants' arguments in turn.

*Discussion*

1. Subject Matter Jurisdiction

In their motion, Defendants argue that the court lacks subject matter jurisdiction over Plaintiffs' asserted copyrights, to the extent that they are not yet registered with the United States Copyright Office. The Copyright Act ("the Act") states: "no action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title." 17 U.S.C. 411(a) (2008). In other words, until a work is registered, federal courts lack subject matter jurisdiction over claims of copyright infringement.

Courts differ in their interpretation of what constitutes "registration" for purposes of conferring subject matter jurisdiction. "Specifically, does registration occur when the Register of Copyrights issues a certificate of registration *or* does it occur when the registration is pending after the applicant has initiated the process by depositing a copy of the work, along with an application and filing fee, with the Copyright Office?" *Just Water Heaters Inc. v. Affordable Water Heaters,*

2 – FINDINGS AND RECOMMENDATION                                                                {KPR}

2006 WL 449136, *2 (N.D. Cal. Feb. 23, 2006). When Defendants filed this motion, only one of Plaintiffs' two asserted copyrights had been registered, but Plaintiffs have since demonstrated that both images are registered. (Kolitch Declaration, Exhibit H.) However, the effective date of Plaintiffs' copyright registrations is still relevant to this motion, because Defendants argue that Plaintiffs' dilatory conduct entitles them to costs and attorney fees. Thus, the point at which Plaintiffs' copyrights were effectively registered bears on this issue.

The Ninth Circuit has not yet decided this issue and district courts in this circuit do not agree. Some district courts have concluded that conferring jurisdiction on claims with pending registrations is inappropriate. One court "reasoned that because Section 410(a) . . . 'indicates that the Copyright Office, not the applicant, registers a claim, and that examination is a prerequisite to registration,' the Section 'cuts against plaintiffs' position of automatic registration.'" *Just Water Heaters Inc.*, 2006 WL 449136 at *3 (citing *Ryan v. Carl Corporation*, 1998 WL 320817 at *2 (N.D. Cal. June 15, 1998)). According to another court, this approach "could support an infringement action prior to receiving a certificate or denial thereof and without satisfying the condition that Congress included for bringing actions upon rejection, that is, to give notice to the Copyright Office." *Id.* (citing *Brush Creek Media, Inc. v. Boujaklian*, 2002 WL 1906620 at *4 (N.D. Cal. Aug. 19, 2002)). Still another court stated that it "[could not] accept the idea that an applicant can confer a copyright on his work . . . merely by depositing materials and a fee with the Copyright Office. Such a notion goes against the language of the [Copyright] Act, which requires registration or refusal of registration by the Register of Copyrights as a prerequisite to filing suit." *Id.*

The Act includes an important exception to its jurisdictional prerequisite of registration: "where the deposit, application, and fee required for registration have been delivered to the

3 – FINDINGS AND RECOMMENDATION                                    {KPR}

Copyright Office in proper form and registration has been refused, the applicant is entitled to institute an action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights." 17 U.S.C. § 411(a). As Nimmer writes: "by virtue of that language, a party who seeks to register may proceed to litigate the claim, regardless of whether the Copyright Office ultimately issues the certificate, or by contrast denies it." 2 Nimmer on Copyright § 7.16[B][1] (2008). Therefore, it follows that "[o]nce the Copyright Office *receives* Plaintiff's application, he can bring a claim for copyright infringement. The receipt of Plaintiff's application satisfies § 411(a)'s jurisdictional requirement, whether or not the application is granted or denied, and whether or not the application precedes or follows the alleged infringement." *Dielsi v. Falk*, 916 F. Supp. 985, 994 n.6 (C.D. Cal. 1996) (citing NIMMER ON COPYRIGHT § 7.16[B](1) n.39) (emphasis in original). *See also In re Napster*, 191 F. Supp. 2d 1087, 1101 (N.D. Cal. 2002) (citing § 410(d) and concluding that "works with pending registrations will be given the benefit of the presumption of ownership.").

This court is persuaded by the latter reasoning. The plain language of the Act states that jurisdiction may lie regardless of whether the application for registration is approved or denied by the Copyright Office. Therefore, regardless of the ultimate outcome, a pending application for registration meets the jurisdictional prerequisite of the Act and the court will have jurisdiction over an action relating to the work, whether it is ultimately registered or unregistered. For this reason, the court should assume jurisdiction over Plaintiffs' copyright claims with respect to both allegedly infringed photographs.[1]

---

[1] Because the court finds jurisdiction based on the filing of the application itself, it need not reach the question of whether registration of a single claim can confer jurisdiction on additional unregistered claims. And, because the jurisdictional requirement is by submitting the

2. <u>Failure to State a Claim – Willful Infringement</u>

When Plaintiffs amended their complaint, for the second time, on May 15, 2008, they added two separately stated claims: copyright infringement and willful copyright infringement. (Complaint 11, ¶¶ 46-47.) Under the heading "COPYRIGHT INFRINGEMENT," Plaintiffs allege that Defendants violated Plaintiff "TigerStop's exclusive rights under 17 U.S.C. § 106" and thus committed "copyright infringement under 17 U.S.C. §§ 501 et seq." *Id.* at ¶ 46. Plaintiffs also alleged, under the heading "WILLFUL COPYRIGHT INFRINGEMENT," that Defendants' "acts of copyright infringement were committed both with knowledge that their conduct constituted copyright infringement and for purposes of commercial advantage or private financial gain. Thus, defendants' copyright infringement was willful pursuant to 17 U.S.C. §§ 501 et seq." *Id.* at ¶ 47.

Plaintiffs state their alleged damages for Defendants' alleged copyright infringement in the section titled "PRAYER FOR RELIEF." *Id.* at 13-14, ¶¶ 14-15. Specifically, Plaintiffs seek "preliminary and permanent injunctions restraining and enjoining" Defendants from infringement of Plaintiffs copyrights. *Id.* at ¶ 14. In addition, Plaintiffs seek compensation for the copyright infringement, "including profits lost by plaintiffs as a result of defendants' copyright infringement, and any profits by TSI resulting from that infringement pursuant to 17 U.S.C. § 504." *Id.* at ¶ 15. Notably, Plaintiffs' prayer for relief does not include a claim for attorney fees arising from Defendants' copyright infringement, pursuant to 17 U.S.C. § 505.

Defendants argue that Plaintiffs' allegation of "willful copyright infringement" fails to state a claim upon which relief can be granted, in violation of the Federal Rule of Civil Procedure

---

copyright application, the court need not consider whether Plaintiffs engaged in dilatory conduct in securing actual registration of the photographs at issue.

5 – FINDINGS AND RECOMMENDATION                                            {KPR}

12(b)(6). FED. R. CIV. P. 12(b)(6) (2008). Specifically, Defendants contend that a claim of willful infringement is only relevant where the claim gives rise to statutory damages. For this proposition, Defendants point out that the section of the Act devoted to remedies mentions willful infringement only as a prerequisite for increased statutory damages. *See* 17 U.S.C. § 504(c)(2) ("In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000."). Because statutory damages are available only when registration is made within three months of publication, Plaintiffs are not entitled to them. *See* 17 U.S.C. § 412(2) (2008) ("no award of statutory damages or of attorney's fees . . . shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work."). Therefore, Defendants reason, if Plaintiffs cannot claim statutory damages, Plaintiffs cannot state a claim for willful infringement as a matter of law.

Plaintiffs implicitly agree that, under the Copyright Act, they are not entitled to statutory damages for Defendants' alleged copyright infringement. *See* Plaintiffs' Response 6 ("The Copyright Act does not preclude a finding of willfulness when statutory damages are unavailable."). However, Plaintiffs argue that a finding of willful infringement is relevant not only to statutory damages, but also to the issue of attorney fees and as an exception to the defense of laches.[2]

---

[2] Regarding the willfulness exception to the defense of laches, the Ninth Circuit has recognized this exception and, in doing so, extended willfulness beyond its application to statutory damages. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 957 (9th Cir. 2001) ("Thus, for purposes of the willfulness exception to laches, just as for the willfulness augmentation of statutory copyright damages, the term willful refers to conduct that occurs with knowledge that the defendant's conduct constitutes copyright infringement.") (internal quotation marks and citation omitted). Because, at oral argument, Defendants stipulated that they would not assert the

Therefore, Plaintiffs argue, an allegation of willful infringement is relevant in this case and may be properly pleaded.

The payment of attorney fees in a copyright infringement action is authorized by § 505: "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505 (2008). This remedy provision is distinct from the remedy provision that governs statutory damages. Plaintiffs may, in this case, claim costs and attorney fees arising out of Defendants alleged copyright infringement.

Like the increased remedy for statutory damages, willfulness is relevant to a court's determination whether to award attorney fees to the prevailing party. In *Dunn & Fenley, LLC v. Allen*, 2007 U.S. Dist. LEXIS 75292 (D. Or. Oct. 9, 2007), Judge Jelderks wrote: "[t]hough a finding that infringement was willful does not in itself compel an award of attorney fees, it is an important factor favoring an award of those fees." (quoting *Historical Research v. Cabral*, 80 F.3d 377, 379 (9th Cir. 1996) (internal quotation marks omitted).) The Ninth Circuit has implicitly acknowledged that willfulness bears on an award of attorney fees: "In the case at bar, the plaintiffs prevailed by summary judgment on the issue of liability. The plaintiffs, however, failed to prove the main issue at trial which was whether the defendants acted willfully. Thus, the district court did not abuse its discretion when it ordered that both sides must bear their own attorneys' fees." *Grateful Dead Productions v. Auditory Odyssey*, 1996 U.S. App. LEXIS 1626, *7-8 (9th Cir. 1996) (wherein

---

defense of laches against Plaintiffs' claim for copyright infringement, the court will confine its reasoning to Plaintiffs' claim for attorney fees.

plaintiffs, the prevailing party, were not awarded attorney fees under § 505). Therefore, regardless of whether statutory damages are available to Plaintiffs, willful infringement may bear on Plaintiffs' entitlement to attorney fees and is therefore relevant to the present case.

Even so, the relevance of willfulness to attorney fees does not itself create a separate cause of action for willful copyright infringement. Chapter 5 of the Copyright Act establishes statutory provisions for "Copyright Infringement and Remedies." 17 U.S.C. § 501 et seq. Section 501 creates a cause of action for "Infringement of copyright." To state a claim for copyright infringement, "a plaintiff must show: (1) ownership of a valid copyright and (2) copying by the defendant of protectable elements of the work." *CDN Inc. v. Kapes*, 197 F.3d 1256, 1258 (9th Cir. 1999). No finding related to intent, including willfulness, is needed to establish this violation. Only upon establishing infringement will the court consider willfulness, for purposes of establishing statutory damages, attorney fees, or an exception to the defense of laches. Therefore, "willful copyright infringement" may not be separately pleaded because it does not constitute a separate and independent claim for relief. Rather, willfulness is properly introduced as evidence bearing on the type of damages for infringement, whether attorney fees will be awarded, and whether the defense of laches is available. Thus, Defendants' argument that willful copyright infringement does not constitute a separate claim, but "is only mentioned as a way to alter the *remedy* for infringement, not as a standalone claim" (Defendants' Reply 4 n.1) is well taken, and their separately pleaded claim for willful copyright infringement should be dismissed.

In its review of the pleadings, the court noted that Plaintiffs' prayer for relief does not include a request for attorney fees arising from Defendants' alleged copyright infringement. Therefore, Plaintiffs should be given leave to amend their complaint to (1) properly characterize the allegation

of willful copyright infringement; and (2) include a request for attorney fees in the prayer for relief, pursuant to 17 U.S.C. § 505.

## *Conclusion*

For the reasons stated, Defendants' Motion to Dismiss Portions of Plaintiffs' Second Amended Complaint (#122) should be granted in part and denied in part. The court also recommends that Plaintiffs be granted leave to amend their pleading as outlined above.

## *Scheduling Order*

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than August 28, 2008. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 14th day of August, 2008.

_____
JOHN V. ACOSTA
United States Magistrate Judge